UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00058-JLS-ADS | Date: January 26, 2024 |
| Title: Igor Gorovenko v. Activate Clean Energy, LLC, et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** (IN CHAMBERS) ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION

For the reasons below, the Court ORDERS Plaintiff to show cause why this matter should not be dismissed for lack of subject-matter jurisdiction.

Plaintiff Igor Gorovenko, proceeding *pro se*, initiated this action on January 10, 2024. (*See* Compl., Doc. 1.) He brings three claims: negligence, intentional infliction of emotional distress, and trade secret misappropriation. (*See id.*) The dispute arises from a business relationship between Gorovenko and Defendants regarding tar sands extraction technology; Gorovenko alleges that Defendants failed to disclose health risks associated with the materials used in extraction, failed to fulfill certain contractual obligations, and engaged in a civil harassment campaign against him. (*Id.* ¶¶ 1–6, 35.) Gorovenko also filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO") and Injunctive Relief and Order to Show Cause for Preliminary Injunction filed by Plaintiff. (App., Doc. 11; Mem., Doc. 12.) Defendants opposed. (Opp., Doc. 22.) He asks the Court to prohibit Defendants from being within 1000 feet of Plaintiff, his family, his residence, or the schools that his children attend. (App. at 3.) He also seeks an injunction that would prohibit Defendants from marketing certain technology as non-hazardous, non-toxic, and non-carcinogenic and require Defendants to notify all current and potential users of the technology about the safety hazards. (*Id.* at 4–5.)

However, the Court notes that it appears to lack subject matter jurisdiction over the action. The Court may raise the issue of subject matter jurisdiction at any time, *sua*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00058-JLS-ADS | Date: January 26, 2024 |
| Title: Igor Gorovenko v. Activate Clean Energy, LLC, et al. | |

*sponte*. See *U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

      Here, Gorovenko has initiated this action in federal court, invoking federal question jurisdiction because he has brought a claim for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq*. But the allegations in Gorovenko's Complaint do not map onto a federal trade secrets misappropriation claim. To prevail on a claim for trade secret misappropriation under federal law, a plaintiff must show that he "possessed a trade secret," that the defendant "misappropriated the trade secret," and that "the misappropriation caused or threatened damage to the plaintiff." *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). The factual allegations regarding the DTSA refer to promises made to Gorovenko regarding equity in a company (presumably Activate Clean Energy LLC, but the Complaint does not specify). (Compl. ¶ 49.) These allegations sound in a claim for breach of contract or promissory fraud and do *not* allege that Gorovenko was the owner of a trade secret that was misappropriated by Defendants. The Complaint also alleges that "Defendants took advantage of Plaintiff['s] personal health by misrepresenting the hazards relating to use of chemicals of interest," which is also not related to a trade secret misappropriation. (*Id.* ¶ 48.)

Accordingly, Gorovenko is ORDERED to show cause why the Court should not dismiss this action without prejudice to refiling in state court.[1] He shall file a response of no more than **five (5) pages** within **seven (7) days** of the issuance of this Order.

---

[1] Because the basis for the Court's jurisdiction is not apparent, it will not rule on Gorovenko's request for a TRO. The Court does note, however, that it has reviewed thoroughly Gorovenko's application, and it fails to demonstrate that there is an immediate threatened injury warranting *ex parte* relief. The most recent alleged contact between Gorovenko and any of the Defendants was in November 2023 and it was an email interaction. (See Opp. at 6; Compl. ¶ 40.) By waiting approximately two months to seek relief, Gorovenko cannot show that any harm is imminent or that relief is now necessary on an *ex parte* basis.

                                                                    Initials of Deputy Clerk: gga