UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:24-cv-00058-JLS-ADS                                            Date: February 09, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:

Not Present                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

On January 26, 2024, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.  (Order to Show Cause ("OSC"), Doc. 24.)  The Court noted that, though Plaintiff brought a claim for trade secret misappropriation under the Defend Trade Secrets Act, the factual allegations in support of that claim did not appear related to such a claim in any way.  (*Id.* at 2.)  On January 30, Plaintiff timely responded.  (Response, Doc. 29.)

In his Response, Plaintiff fails to explain how his Complaint, as pleaded, gives rise to subject-matter jurisdiction.  As the Court explained, to prevail on a claim for trade secret misappropriation under federal law, a plaintiff must show that he "possessed a trade secret," that the defendant "misappropriated the trade secret," and that "the misappropriation caused or threatened damage to the plaintiff."  *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020).  Plaintiff does not describe how the factual allegations in his Complaint support each of those three elements.

Instead, Plaintiff recounts another version of the narrative of his negotiations and interactions with Defendants William Wismann, David Martin, and Activate Clean Energy, LLC.  (Response at 2–6.)  Some of Plaintiff's account features new factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00058-JLS-ADS                                                    Date: February 09, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

allegations that are not present in his Complaint.  The Court cannot ascertain from those added factual allegations whether Plaintiff has a viable claim for trade secret misappropriation.  Regardless, the facts alleged in Plaintiff's Response cannot confer jurisdiction on this Court.

     Plaintiff seeks to invoke federal-question jurisdiction, meaning his action arises under federal law.  "In determining federal question jurisdiction, the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir.2007)).  Plaintiff's Complaint does not feature a properly pleaded claim for trade secret misappropriation and nothing in his Response assures the Court otherwise.  The Complaint must, therefore, be dismissed for lack of jurisdiction.

     Plaintiff requests that he be given an opportunity to amend his Complaint.  (*See* Response at 6.)  Because Plaintiff is a *pro se* litigant, and because leave to amend should be freely given, the Court agrees that amendment is proper.  *See Phong Lam v. United States*, 389 F. Supp. 3d 669, 679 (N.D. Cal. 2019) (granting leave to amend unless "the pleading could not possibly be cured by the allegation of other facts" where the complaint's allegations failed to invoke jurisdiction).  But the Court reminds Plaintiff to read the Court's Self-Representation Order and, if he proceeds *pro se*, to familiarize himself with the local and federal rules, and to review the dense case law governing claims for federal trade secret misappropriation.  (*See* Doc. 17.)

     The Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.  Plaintiff shall have **fourteen (14) days** from the issuance of this Order to file an amended Complaint.

                                         Initials of Deputy Clerk: gga