UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:24-cv-00058-JLS-ADS                                    Date: June 07, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 76) AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT (Doc. 108)**

Before the Court is a Motion to Dismiss filed by Defendants.  (Mot., Doc. 76.)  Plaintiff opposed and Defendants responded.  (Opp., Doc. 87; Reply, Doc. 98.)  Having taken the matter under submission, the Court now GRANTS the Motion for the following reasons.

### I.     BACKGROUND

Plaintiff Igor Gorovenko, proceeding *pro se*, initiated this action on January 10, 2024. (*See* Compl., Doc. 1.)  The Court *sua sponte* dismissed the initial Complaint because Gorovenko attempted to invoke the Court's federal question jurisdiction but failed to state a claim under federal law.  (*See* Order to Show Cause ("OSC"), Doc. 24; Order Dismissing Complaint, Doc. 33.)  Gorovenko then filed the First Amended Complaint ("FAC").  (FAC, Doc. 39.)

The FAC brings six claims against Defendants Activate Clean Energy, LLC, RASA Energy, Inc., David Martin, William Wismann ("Wismann"), Dave Lopez, Thomas Williams, Bruce R. Wright, Mike Wismann ("Mike"), and Alex East; those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00058-JLS-ADS　　　　　　　　　　　　Date: June 07, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

claims are for: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) fraud in the inducement; (3) negligence; (4) extortion; (5) trade secret misappropriation in violation of the Defend Trade Secrets Act ("DTSA"); and (6) constructive trust.  (*See generally id.*)  The FAC alleges that the Court has federal question jurisdiction because of the claims brought under RICO and the DTSA.  (*Id.* ¶¶ 8–9.)[1]

Defendants have moved to dismiss, arguing that Gorovenko has failed to state a claim for violations of either RICO or the DTSA.  (Mot. at 20.)  Defendants argue that if those claims fail, then the Court lacks subject-matter jurisdiction and all remaining state law claims must also be dismissed.  (*Id.*)

## II.　**LEGAL STANDARD**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded

---

[1] The FAC also alleges that this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  (FAC ¶ 10.)  But Plaintiff does not allege his citizenship and it appears that he is domiciled in the state of California; because Defendant RASA Energy has its principal place of business in Oxnard, California, there is not complete diversity of citizenship.  (*Id.* ¶ 13; Mot. at 20); s*ee also* 28 U.S.C. § 1332 (requiring that the parties to the action be citizens of different states and specifying that a corporation is a citizen of the state where it is incorporated and where it has its principal place of business).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00058-JLS-ADS | Date: June 07, 2024 |
| Title: Igor Gorovenko v. Activate Clean Energy, LLC, et al. | |

factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

### III.  ANALYSIS

Here, because the Court's subject-matter jurisdiction hinges on Gorovenko's two federal claims, the Court evaluates the sufficiency of those claims first.

####   A.  Federal Trade Secrets Claim

To state a claim for trade secret misappropriation under federal law, a plaintiff must show that he "possessed a trade secret," that the defendant "misappropriated the trade secret," and that "the misappropriation caused or threatened damage to the plaintiff." *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). "A 'trade secret' is information that (1) derives independent economic value, actual or potential, from not being generally known to, or readily ascertainable by other people who can obtain economic value from its disclosure or use and (2) is subject to reasonable efforts to maintain its secrecy." *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 845–46 (N.D. Cal. 2019) (citing 18 U.S.C. § 1839(3)).

As noted, the Court dismissed the initial Complaint for lack of subject-matter jurisdiction because there was no properly pleaded claim for trade secret misappropriation, which was, at that time, the only claim brought under federal law. (Order Dismissing Complaint at 2.) The Court explained that Gorovenko had not alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00058-JLS-ADS                                      Date: June 07, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

that he was the owner of a trade secret or made it clear how Defendants had misappropriated that trade secret.  (OSC at 2.)  In the FAC, Gorovenko adds several factual allegations to remedy these identified insufficiencies.  Gorovenko alleges that he is the owner of trade secrets in the form of processing systems that offer "unique solvent-based extraction" capabilities and that he maintains the secrecy of that information by locking access to his proprietary software and preventing the access to and replication of that software code.  (FAC ¶¶ 16–23.)  Gorovenko next alleges that Defendants fraudulently induced him to reveal his trade secrets by soliciting his services at below market rate in exchange for equity interest.  (*Id.* ¶¶ 25–26, 100.)  It appears from the FAC, although not clearly stated, that the "trade secret" Defendants obtained is Gorovenko's protype equipment for an oil extraction process, including the materials used in construction and Gorovenko's proprietary componentry. (*See id.* ¶¶ 20, 74-76.)

  Despite these added allegations and assuming without deciding that Gorovenko has sufficiently alleged any trade secret, it is still apparent that Gorovenko has not adequately alleged the *misappropriation* of such trade secrets.  Specifically, Gorovenko's theory of how Defendants misappropriated his trade secrets is clearly contradicted by the terms of the Equipment Manufacturing Agreement ("Agreement") he signed, and which governs the terms of his work for Defendants.  (*See* Ex. A to Anderson Decl., Doc. 94-3.)[2]  Gorovenko does not attach the Agreement to the FAC, but the Court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Under the "incorporation by reference" doctrine, courts may take judicial notice of a document where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties

---

[2] Here, the Court cites to a confidential Manufacturing Agreement that was filed in a redacted version (Doc. 76-2) and then under seal (Doc. 94-3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00058-JLS-ADS            Date: June 07, 2024
Title: Igor Gorovenko v. Activate Clean Energy, LLC, et al.

do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Here, Gorovenko's claims depend upon the Agreement. Gorovenko references the Agreement in the FAC. (*See* FAC ¶¶ 7, 68, 70, 74, 80, 86.) And several of Gorovenko's claims depend on the creation of a contractual relationship, including his claim for fraudulent inducement and his allegations that non-disclosures of certain health risks breached the contract between the parties. (*Id.* ¶¶ 69–80, 86.) Defendants have now attached the Agreement to the Motion to Dismiss and Gorovenko does not dispute the authenticity of that document. Therefore, the Court concludes that the Agreement is incorporated by reference into the FAC.

Turning then to Gorovenko's theory of misappropriation, he alleges that he was tricked into turning over the prototype—the alleged trade secret—based on a promise of equity in the company Activate Clean Energy, which has never been fulfilled. (*Id.* ¶ 100.)[3] But the Agreement Gorovenko signed precludes that theory of misappropriation. The Agreement is completely integrated. "In considering whether a writing is integrated, the court must consider the writing itself, including whether the written agreement appears to be complete on its face; whether the agreement contains an integration clause; whether the alleged parol understanding on the subject matter at issue might naturally be made as a separate agreement; and the circumstances at the time of the writing." *Founding Members of Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 953–54 (2003).

---

[3] Though not entirely clear, it appears that Gorovenko also has a theory of fraudulent inducement based on misrepresentations about the toxicity and hazards of certain substances involved in Defendants' work. (*See* FAC ¶ 78–80.) But Gorovenko does not allege that Defendants lied about health hazards in order to get access to his trade secrets, and so these allegations of fraudulent inducement are unrelated to the claim for trade secret misappropriation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00058-JLS-ADS                       Date: June 07, 2024
Title: Igor Gorovenko v. Activate Clean Energy, LLC, et al.

       The Agreement appears to be complete on its face and it contains an integration clause, providing that "it constitutes the entire agreement between the parties" and can only be modified with a signed writing. (Ex. A to Anderson Decl ¶ 11.8.) Further, the Agreement covers the subject matter at issue—it states that Gorovenko will design and manufacture oil extraction equipment for Activate Equipment, LLC, and establishes the compensation scheme for that labor. (*Id.* ¶¶ 3.1, 5.1.) Nowhere in the Agreement is Gorovenko promised equity, even though that form of compensation is clearly related to the matter of how Gorovenko would be paid. (*See id.*) Therefore, the Manufacturing Agreement is a completely integrated agreement whose terms dictate what Gorovenko was promised in exchange for his work. Under California law, where a contract is completely integrated, "parol evidence of terms not specifically included in the written contract is not admissible." *Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 277 (9th Cir. 1992). The Court cannot consider an alleged oral promise of equity, given that Gorovenko signed a completely integrated contract that never memorialized such a promise. Other than the promise of equity, Gorovenko alleges no misrepresentations or efforts to misappropriate that occurred before he agreed to turn over the alleged secret information to Defendants.

       As a result, Gorovenko cannot state a claim for violation of the DTSA.[4] The Court also concludes that leave to amend is not appropriate because Gorovenko cannot

---

[4] Additionally, even though Gorovenko alleges several theories of harm, nowhere in the FAC does he complain about the fact that Defendants now possess his trade secrets. Nor can he, given that he has shown no interest in protecting the confidentiality of the allegedly secret information; instead, the Court has had to implement burdensome sealing procedures in this case to accommodate Gorovenko's refusal to respect the confidentiality of the extraction processes at issue. (*See* Orders re: Sealing Procedures, Docs. 47, 59.) Pursuant to the sealing procedures, Defendants have sought to redact confidential information that Gorovenko has repeatedly attempted to *reveal*. (*See* Applications to Seal Plaintiff's Filings, filed by Defendants, Docs. 49, 56, 64, 90.) Gorovenko argues that "Defendants['] requested redactions … constitute[] [an]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00058-JLS-ADS                                                      Date: June 07, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

cure this deficiency.  Gorovenko was already granted an opportunity to amend the complaint and, in light of the undisputed terms of the Agreement, cannot state a claim for trade secret misappropriation.  As a result, the claim for trade secret misappropriation is DISMISSED WITH PREJUDICE.

      **B.**      **RICO Claim**

      To state a claim under RICO, "a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity'" as to each defendant.  *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc) (quoting *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985)).  A private plaintiff must also establish "statutory standing," meaning he "'must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was by reason of the RICO violation, which requires the plaintiff to establish proximate causation.'"  *Shulman v. Kaplan*, 58 F.4th 404, 410 (9th Cir. 2023) (quoting *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008)).  Here, Defendants argue that Gorovenko has failed to plead the details of Defendants' alleged racketeering activity with the necessary level of specificity and that Gorovenko has not met the standard for statutory standing.  (Mot. at 14.)

      "Racketeering activity" is defined by 18 U.S.C. § 1961(1)(B) as any act "indictable" as various enumerated criminal offenses.  Gorovenko alleges that the racketeering activity consisted of mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343.  (FAC ¶ 67.)  The elements of both claims are (1) a scheme or artifice devised with (2) the specific intent to defraud and (3) use of the mail

---

admission that the trade secret exists." (Opp. at 7.)  The opposite is true: The fact that Gorovenko himself refuses to protect the secrecy of the information precludes the possibility that it represents *his* trade secret.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00058-JLS-ADS                                                                 Date: June 07, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

or interstate telephone wires in furtherance thereof.  *See Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1469 (9th Cir. 1987).  The acts underlying these claims must be alleged with specificity pursuant to Federal Rule of Civil Procedure 9(b).  *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).  To satisfy Rule 9(b)'s higher pleading standard, plaintiffs bringing claims sounding in fraud must sufficiently allege "'the who, what, when, where, and how' of the misconduct charged."  *Brenner v. Procter & Gamble Co.*, 2016 WL 8192946, at *5 n.5 (C.D. Cal. Oct. 20, 2016) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

     Defendants are correct that the FAC, for the most part, "[does] not state with particularity the circumstances constituting fraud as they pertain specifically to Plaintiff." (Mot. at 14.)  First, as to most Defendants, Gorovenko makes no allegations regarding their participation in a fraudulent scheme.  Despite broad statements like "Defendants misrepresented" or "Defendants engaged in a cover up campaign" or "Defendants misled," the FAC describes only the actions of Defendants William Wismann and David Martin with any level of specificity.  (*See* FAC ¶¶ 28, 35, 36.)  Similarly, no specific misconduct is attributed to the corporation Defendants.  On these grounds, the RICO claim must be dismissed as to Activate Clean Energy, LLC, RASA Energy, Inc., Dave Lopez, Thomas Williams, Bruce R. Wright, Mark Wismann, and Alex East.

     Second, as to Wismann and Martin, the Court can identify only two sets of allegedly fraudulent misrepresentations that describe the who, what, when, where, and how of the misconduct charged.  One set relates to the efficacy of the product and the second relates to the safety of the product.  (*See* FAC ¶¶ 27–28, 30–32, 34–36, 40–42.) The first set of alleged misrepresentations are Wismann's and Martin's statements about the efficacy of the extraction process marketed by Defendants, as well as the results of laboratory testing related to that process.  (*Id.* ¶¶ 30–32, 35, 40.)  But Gorovenko quickly pleads himself out of court as to this set of misrepresentations by alleging that "[t]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00058-JLS-ADS                                              Date: June 07, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

primary target of these fraudulent statements is … shareholders"; according to the FAC itself, this fraudulent scheme was aimed at inducing further investment in Wismann and Martin's business venture.  (*Id.* ¶ 42.)  Gorovenko does not claim to be a shareholder, nor does he claim to have been harmed by investing in Defendants' companies in reliance on Martin's fraudulent misrepresentations.  Rather, Gorovenko complains of providing services to Defendants at below-market rate, a harm that has nothing to do with an alleged scheme to defraud investors.  (*See* Opp. at 6.)

The second set of alleged misrepresentations relate to Wismann's and Martin's efforts to portray their product as non-hazardous, non-toxic, and environmentally friendly.  (*See* FAC ¶¶ 27–28.)  A threshold problem with these allegations is that the when, where, and how of the alleged misrepresentations are not clearly stated.  Further, the allegedly fraudulent scheme here is unclear.  At times, the FAC alleges that these false statements about product safety were also intended to induce investments.  (*Id.* ¶ 61.)  But if this were the scheme, Gorovenko, once again, cannot state a claim because he was not harmed by investing in Defendants' companies.  Elsewhere, the FAC alleges that the fraudulent intent was to induce Gorovenko to contract with Defendants.  (*See* FAC ¶¶ 68, 70, 79–80.)  Even if the Court accepted that this fraudulent inducement into a contract amounted to wire fraud or mail fraud that could serve as a predicate act under RICO,[5] it is divorced from the other scheme of defrauding investors and, therefore, amounts to only one predicate act, which is not a "pattern."  *See County of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1043 (N.D. Cal. 2011) (a pattern of RICO activity requires "at least two separate predicate acts" and that the underlying predicates "'are related'" (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

---

[5] Whether fraudulent inducement into a contract is a predicate act under RICO is itself contestable.  Gorovenko does not explain how this alleged fraud amounted to a racketeering activity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00058-JLS-ADS                                                     Date: June 07, 2024
Title:  Igor Gorovenko v. Activate Clean Energy, LLC, et al.

Gorovenko's arguments do not persuade the Court otherwise.  He spends the bulk of his Opposition distinguishing this case from *Shulman v. Kaplan*, which is cited by Defendants.  (*See* Opp. at 4–5.)  But that does nothing to assist Gorovenko in stating a claim.  Gorovenko also argues that he has Article III standing and has adequately alleged a financial injury cognizable under RICO.  (Opp. at 5–6.)  Neither of these arguments address the inadequacies that the Court has identified in the RICO claim.

The Motion to Dismiss the RICO claim is GRANTED.  But, because Gorovenko has not yet had an opportunity to amend his allegations, the Court cannot conclude that amendment would be futile.  Gorovenko is granted LEAVE TO AMEND this claim.

### C. Remaining State Law Claims

Because Gorovenko has not adequately alleged a federal cause of action or any other basis for the Court's subject-matter jurisdiction, the Court lacks supplemental jurisdiction over the related state law claims.  Therefore, the Court will not reach the merits of Gorovenko's state law claims.

### IV. <u>CONCLUSION</u>

For the above reasons, the Court GRANTS the Motion to Dismiss.  The claim for trade secret misappropriation in violation of the DTSA is DISMISSED WITH PREJUDICE.  The RICO claim is DISMISSED WITH LEAVE TO AMEND.  Gorovenko is granted leave to amend the complaint in a manner consistent with the terms of this Order and with all Rule 11 obligations.  ***Gorovenko may not add any new claims or reallege the dismissed claim.***  Any amended complaint must be filed within **fourteen (14) days** of the issuance of this Order.  In the alternative, Gorovenko may dismiss his federal claims and pursue his state law claims in a state court forum.  Failure to file an amended complaint within the time allotted will result in dismissal of the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00058-JLS-ADS            Date: June 07, 2024
Title: Igor Gorovenko v. Activate Clean Energy, LLC, et al.

       Because the Court has dismissed the operative complaint, Gorovenko's Motion for Summary Judgment (Doc. 105) is DENIED AS MOOT. Because the Motion for Summary Judgment is moot, it will stay sealed and the hearing on that Motion, set for June 28, 2024, at 10:30 a.m. is VACATED.[6] As a result, the following filings are also DENIED AS MOOT: (1) Ex Parte Application for Summary Denial of the Motion for Summary Judgment (Doc. 109); (2) Application to File Motion for Summary Judgment Under Seal (Doc. 111); and (3) Ex Parte Application for Extension of Time to File Response (Doc. 113).

                                                                          Initials of Deputy Clerk: cr

---

[6] The hearing on the Motion for Sanctions (Doc. 108), also set for June 28, 2024, at 10:30 a.m. remains on the calendar for now.